UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLD REPUBLIC HOME PROTECTION COMPANY, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>FRANK WINSTON CRUM INSURANCE COMPANY,<br><br>          Defendant. | Case No. 23-cv-05315-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 10, 11 |

Before the Court is Frank Winston Crum Insurance Company's motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 16, 2024, is VACATED. *See* Civil L.R. 7-1(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion, for the following reasons.

I.   **BACKGROUND**

   A.   **Factual Background**

Plaintiff Old Republic Home Protection Company, Inc. ("ORHP") is a California corporation that is licensed to provide home protection plans to homeowners in 30 states, including Texas. Complaint (ECF 1-2) ("Compl." or "¶") ¶ 7.[1] Under ORHP's plans, when a plan holder places a service call with ORHP regarding an issue with a covered appliance or system, ORHP refers the call to an independent contractor to provide service. ¶ 8. ORHP then pays for

---

[1] Because the Court is considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), it accepts the factual allegations in Plaintiff's complaint as true. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

the cost of the work provided by the independent service provider. ¶ 8.

ORHP provided Keith and Robin Peshak (the "Peshaks") with a plan for their Texas residence. ¶ 9. The Peshaks placed a service request with ORHP in 2017, reporting that there were water leaks in their pool and spa system. ¶ 10. ORHP referred the service call to Coolway Mechanical Services Inc. ("Coolway"), an independent contractor, who attempted to repair the pool system, and later the HVAC system. ¶¶ 11-14, 17. The Peshaks subsequently contacted ORHP reporting that Coolway's services caused damage to the residence. ¶¶ 15, 17-19. ORHP informed the Peshaks that under the plan, any claims should be directed to Coolway. ¶¶ 16, 20.

On January 23, 2019, counsel for the Peshaks sent ORHP a letter demanding that ORHP pay $47,000 as compensation for the property damage caused by Coolway. ¶ 21. Coolway and ORHP have a written agreement whereby Coolway defends and indemnifies ORHP for any claims made against ORHP alleging damage caused by Coolway. ¶ 23. The agreement also requires Coolway to obtain a comprehensive general liability policy to defend and indemnify Coolway against claims made by plan holders. ¶ 23. Defendant Frank Winston Crum Insurance ("Frank Winston"), an insurance company whose principal place of business is in the State of Florida, provides Coolway with a comprehensive general liability insurance policy. ¶¶ 2, 24. Per the agreement between Coolway and ORHP, the Frank Winston insurance policy names ORHP as an additional insured. ¶¶ 23, 25, Ex. B. On January 30, 2019, ORHP gave written notice of the Peshaks' claims to Frank Winston. ¶ 22.

On June 13, 2019, the Peshaks filed a petition in Texas (the "Peshak Action") alleging that Coolway negligently caused property damage and that ORHP was responsible for such damage. ¶¶ 27-28. ORHP tendered the defense to Frank Winston, who was obligated to appoint counsel to defend and indemnify ORHP. ¶¶ 29-30. Frank Winston accepted the defense of ORHP and appointed the law firm Galloway, Johnson, Tompkins, Burr & Smith (the "Galloway Firm") to defend ORHP. ¶¶ 31-32. The Galloway Firm has represented ORHP in the Peshak Action for more than four years. ¶ 33. The Peshak Action has since been sent to arbitration and in June 2023, the Galloway Firm advised ORHP that it would be representing both ORHP and Coolway in the upcoming arbitration. ¶¶ 33-34. ORHP objected to the joint representation, arguing that the

1  Galloway Firm has an actual conflict of interest in simultaneous representation and that such joint
2  representation violates the Rules of Professional Conduct for Texas lawyers. ¶ 36. Frank Winston
3  has failed to respond to ORHP's demands that Frank Winston appoint separate and independent
4  counsel to represent ORHP in the arbitration. ¶¶ 37-41.

### B. Procedural Background

On September 11, 2023, ORHP filed the instant complaint against Frank Winston in the Superior Court of California, County of Contra Costa. ECF 1-2. On October 18, 2023, Frank Winston timely removed the case to this Court under diversity jurisdiction. ECF 1. ORHP brings two causes of action against Frank Winston for breach of the covenant of good faith and fair dealing and declaratory relief that ORHP is entitled to a court order compelling Frank Winston to appoint separate and independent counsel to represent ORHP in the arbitration. Compl. ¶¶ 42-52. Frank Winston moved to dismiss the complaint, arguing that (1) it is not subject to personal jurisdiction in California; (2) venue is improper; (3) transfer is appropriate; and (4) the complaint fails to state a claim. ECF 10, 11.

## II. DISCUSSION

The Court begins its analysis of Frank Winston's motion to dismiss by considering whether there is personal jurisdiction over Frank Winston, as jurisdiction is a threshold issue. *See Snoqualmie Indian Tribe v. Washington*, 8 F.4th 853, 862-63 (9th Cir. 2021).

Generally, a district court has personal jurisdiction over a defendant "if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). California's long-arm statute permits jurisdiction to the full extent the due process clause allows. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006); Cal. Code. Civ. Proc. § 410.10. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004). In reviewing the "nature and extent of the defendant's relationship with the forum state," the Supreme Court recognizes two

1    types of personal jurisdiction: general and specific jurisdiction.  *Ford Motor Co. v. Mont. Eighth*

2    *Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (internal quotation marks and citation omitted).

3    "[P]laintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."

4    *Pebble Beach*, 453 F.3d at 1154; *see also Schwarzenegger*, 374 F.3d at 800 (same).  Although the

5    briefing is not clear on this point, the Court understands ORHP to argue that Frank Winston is

6    subject to both general and jurisdiction and thus addresses each in turn.

### 1.     General Jurisdiction

General jurisdiction "extends to 'any and all claims' brought against a defendant," but it is appropriate only "when a defendant is 'essentially at home' in the State."  *Ford Motor Co.*, 592 U.S. at 358 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  Frank Winston is a corporation with a principal place of business in Florida that was "organized and exist[s]" in Florida.  Compl. ¶ 2; Gerdes Decl. (ECF 10-1) ¶ 2.  It has no offices, operations, employees, or physical presence in California.  Gerdes Decl. ¶ 3.  ORHP argues that because Frank Winston has filed statements of information in California, it is subject to general jurisdiction here.[2]  "Opp." (ECF 13) at 11-12.  Not so.  The law is clear that a corporate defendant is subject to general jurisdiction in the state in which it is incorporated and maintains a principal place of business.  *Briskin v. Shopify, Inc.*, 87 F.4th 404, 411 (9th Cir. 2023) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  Frank Winston is neither incorporated in California nor does it maintain its principal place of business in California.  Moreover, merely "doing business," even if such business is "substantial, continuous, and systematic," is not enough to confer general jurisdiction over a company.  *See Daimler*, 571 U.S. at 138, 139 n.20.  Thus, the Court finds that there is no general jurisdiction over Frank Winston and next considers whether it can exercise specific jurisdiction.

---

[2] The Court takes judicial notice of the Statement and Designation, Statement of Information, and information for Frank Winston's insurance license, ECF 16, as these are matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001).

### 2. Specific Jurisdiction

Specific jurisdiction depends on the relationship between "the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (citation omitted). In the Ninth Circuit, courts use a three-prong test to analyze whether specific personal jurisdiction exists over a non-resident defendant. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020). First, the defendant must "purposefully direct his activities" at the forum or "perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum." *Id.* (citation omitted). Next, the claim must "arise out of or relate to" those forum-related activities. *Id.* Finally, the exercise of jurisdiction must comport with fair play and substantial justice – in other words, it must be reasonable. *Id.* at 1109; *see Williams*, 851 F.3d at 1023 (citation omitted). The plaintiff has the burden of satisfying the first two prongs of the "minimum contacts" test. *Pebble Beach*, 453 F.3d at 1154. If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to "present a compelling case" that jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). The Court first examines whether Plaintiff has satisfied the first two prongs of the minimum contacts test. As Plaintiff does not satisfy these prongs, the Court need not look further.

Under the first prong of the specific jurisdiction analysis, "the defendant must purposefully direct its activities toward the forum state, purposefully avail itself of the privileges of conducting activities there, or engage in 'some combination thereof.'" *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088 (9th Cir. 2023) (citing *Yahoo!*, 433 F.3d at 1206). Where, as here, the underlying claim sounds in contract, courts focus on defendant's purposeful availment. *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. However, the "mere existence of a contract with a party in the forum state" is not enough. *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citing *Burger King*, 471 U.S. at 478). Rather, courts consider "'prior negotiations and

5

contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are 'substantial' and not merely 'random, fortuitous, or attenuated.'" *Id.* (quoting *Burger King*, 471 U.S. at 479-80).

ORHP argues that because Frank Winston made ORHP an additional insured under its policy and is licensed to do work in California, Frank Winston is subject to specific jurisdiction. Opp. at 12. The Court cannot agree. The mere fact that Frank Winston included ORHP, a California corporation, on its insurance policy is insufficient to show purposeful availment. *See Sher*, 911 F.2d at 1362; *Burger King*, 471 U.S. at 479-80. Indeed, the named insured on the policy, Coolway, is a Texas Corporation. *See* Compl., Exs. B, C, D. ORHP has not pointed to policy language suggesting that any coverage will be carried out in California. Moreover, the claims against Frank Winston arise out of its failure to appoint independent counsel in a Texas action in violation of the Texas Rules of Professional Conduct. Compl. ¶ 36.[3] Because ORHP has failed to plead any factual allegations showing that Frank Winston purposefully availed itself of the benefits of doing business in California, directed any activities toward California, or that the claims arose out of or relate to any forum-related activities, the Court cannot find specific jurisdiction over Frank Winston. *See Glob. Commodities*, 972 F.3d at 1107. Accordingly, the Court **GRANTS** Defendant's motion to dismiss for lack of personal jurisdiction. Although it seems unlikely that ORHP will be able to amend its complaint to allege sufficient facts to confer personal jurisdiction over Frank Winston, the Court nonetheless grants such leave pursuant to the Ninth Circuit's direction. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

///

///

///

---

[3] ORHP notes that the relevant Rule of Professional Conduct in Texas is the same in California. Opp. at 9. However, that is irrelevant to whether Frank Winston purposefully availed itself of the benefits of California, or whether the claims at issue arose out of Frank Winston's contacts with California.

6

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Frank Winston's motion to dismiss for lack of personal jurisdiction. Leave to amend is granted solely to add new jurisdictional allegations. Any amended complaint shall be filed by **June 13, 2024**.

**IT IS SO ORDERED.**

Dated: May 14, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**